UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                              )
                                    )
Sandra King Genevicz,               )   Case No. 09-11993
                                    )
        Debtor.                     )
                                    )

## OPINION AND ORDER

This case came before the court on February 23, 2010, for a final hearing on a Motion to Avoid Judicial Lien of Yates Mobile Services Corporation (the "Motion"), filed by the above-referenced Debtor on November 5, 2009. Yates Mobile Services Corporation ("Yates") filed an objection to the Motion on November 17, 2009. The evidence in this case was heard at a hearing on January 12, 2010. However, completion of the hearing was postponed to February 23, in order to give the parties an opportunity to file briefs. At each hearing, the Debtor was represented by Phillip E. Bolton and Yates was represented by Darren W. Bentley. At the hearing, the court denied the motion. This opinion describes the basis for the court's decision.

## JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.

This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K), which this court may hear and determine.

FACTS

The Debtor and Antionio Stanley own real property located at 2258 Seamster Road, Providence, North Carolina, as tenants in common. Stanley is a debtor in a related case (Case No. 09-11720). Pre-petition, Mr. Stanley and Yates entered into a contract for the purchase of a modular home. The modular home was transported to and affixed to the Seamster Road property. Mr. Stanley failed to make payments to Yates under the contract and a suit was filed by Yates against Mr. Stanley and the Debtor. In April of 2009, Yates obtained a judgment in the State of Virginia against the Debtor for $5,000 plus interest. In June of 2009, the judgment was filed in Caswell County, North Carolina, the county in which the Seamster Road property is located.

The Debtor filed her Chapter 13 petition on October 20, 2009. The Debtor's Schedule A listed the market value of the Seamster Road property at $22,000. Schedule D listed BB&T as having a deed of trust on the Seamster Road property securing indebtedness of $22,000. In her Form 91C claim for property exemptions, the Debtor used her wildcard exemption under N.C. Gen. Stat. § 1C-1601(a)(2) to claim the Seamster Road property as exempt.[1]

---

[1] The Debtor claimed no homestead exemption under N.C. Gen. Stat. § 1C-1601(a)(1). N.C. Gen. Stat. § 1C-1601(a)(2) permits a debtor to exempt "[t]he debtor's aggregate interest in any

On October 20, 2009, Yates filed a proof of claim asserting a judicial lien against the Seamster Road property in the amount $5,182.33, plus interest.  On November 5, 2009, the Debtor filed the Motion, seeking to avoid Yates' judicial lien under 11 U.S.C. § 522(f).  Yates objected to the Motion, asserting that the lien could not be avoided because it did not impair the Debtor's exemption.

At the January 12 hearing, both parties offered evidence regarding the value of the Seamster Road property.  Walter Thomas, a professional appraiser, gave detailed and reliable testimony regarding the value of the property.  Based on Mr. Thomas' testimony, the court finds that the value of the Seamster Road property on the petition date was $65,000.  For the reasons that follow, the court finds that the judicial lien does not impair the Debtor's exemption and that the Motion therefore should be denied.

## DISCUSSION

Section 522(f) provides that a debtor may avoid the fixing of a judicial lien "to the extent that such lien impairs an exemption."  11 U.S.C. § 522(f)(1).  Only the portion of the lien that actually interferes with a debtor's exemption may be avoided under section 522(f).  <u>Wachovia Bank and Trust Co. v. Opperman (In</u>

---

property, not to exceed [$5,000] in value of any unused exemption amount to which the debtor is entitled under" section 1C-1601(a)(1).  Therefore, the Debtor had a $5,000 "wild-card" exemption available under section 1C-1601(a)(2).

- 3 -

re Opperman), 943 F.2d 441, 444 (4th Cir. 1991).

The methodology for determining whether a judicial lien impairs an exemption is provided in section 522(f)(2)(A) of the Bankruptcy Code, which provides:

> a lien shall be considered to impair an exemption to the extent that the sum of-
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

The application of the statutory formula in this case reflects that the total of all liens on the property (i.e., the $5,182.33 judicial lien and $11,000[2] for the deed of trust) plus the amount of the exemption (which could not exceed $5,000) is less than the $32,500 value of the Debtor's interest in the Seamster Road property.  Since the total of the liens and the exemption is less than the value of Debtor's interest in the Seamster Road property,

---

[2]This figure represents one half of the total indebtedness on the deed of trust on the petition date.  A literal construction of section 522(f)(2)(A) would result in a windfall to the Debtor that was not intended by Congress.  Thus, this court follows the line of cases that limit a debtor to using one half of the indebtedness on a deed of trust in making the section 522(f)(2)(A) calculation when the debtor has only a one-half interest in the property.  See In re Jeffries, 2002 WL 202108 (Bankr. M.D.N.C. 2002).

the lien does not impair the Debtor's exemption and the lien therefore cannot be avoided.  Accordingly, the Motion shall be denied.

    IT IS SO ORDERED.

    This 15th day of March, 2010.

                                      _____
                                      WILLIAM L. STOCKS
                                      United States Bankruptcy Judge

PARTIES IN INTEREST

Phillip E. Bolton, Esq.
P.O. Box 10247
Greensboro, NC 27404-0247

Antionio Vega Stanley
621 County Line Road
Reidsville, NC 27320

Sandra King Genevicz
621 County Line Road
Reidsville, NC 27320

Darren W. Bentley, Esq.
P.O. Box 8200
Danville, VA 24541

Anita Jo Troxler, Ch. 13 Trustee